**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **CHERI RUSS**, an individual, and **JUDITH JOHNSON**, an individual, | **CIVIL ACTION** |
| Plaintiffs, | **Case No.   2:20-cv-484** |
| v. | **Judge: John L. Badalamenti** |
| **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida, | **Mag. Judge: Mac R. McCoy** |
| Defendant. | |

**PLAINTIFFS' MOTION FOR TEMPORARY REINSTATEMENT UNDER F.S. §112.3187(9)(f) AND INCORPORATED MEMORANDUM OF LAW**

**NOW COME** the Plaintiffs, **CHERI RUSS** ("Russ") and **JUDITH JOHNSON** ("**JOHNSON**")(collectively "Plaintiffs"), by and through undersigned counsel, and file Plaintiffs' Motion for Temporary Reinstatement Under F.S. §112.3186(9)(f) (PWA) and Incorporated Memorandum of Law, and in support, state as follows:

**INTRODUCTION**

Both Plaintiffs were enjoying rising careers with the Defendant - that is before the Defendant abruptly terminated their employment as after they engaged in activity protected by Florida's Public Whistleblower Act (PWA). Their careers effectively kiboshed by the Defendant, the Plaintiffs brought this action under the PWA.

And the PWA is unlike any other employment law. The plain text of that statute provides for the pre-trial relief of temporary reinstatement to an aggrieved public employee (1) who engages in statutorily protected activity, (2) whose disclosure was not made in bad faith or for a wrongful

1

purpose, and (3) which disclosure did not occur after an agency's initiation of a personnel action against the employee. Where those requirements are met, the public employee must be put back to work pending trial of their complaint. This is a perk Florida's Legislature granted to certain public employees- this Motion seeks precisely that statutory remedy.[1]

When the PWA was first passed in 1986, if an employee–whistleblower moved for temporary reinstatement prior to trial, they had to do so by obtaining a temporary injunction under Fla. R. Civ. P. 1.610 ("Rule 1.610"). However, in 1992, the Florida Legislature amended the PWA to include the mandatory remedy of temporary reinstatement in §(9)(f), thus removing Rule 1.610 as the standard for temporary reinstatement.[2] Thus, the law provides that if a public employee engages in protected activity in good faith and not for a wrongful purpose and has no prior documentation of disciplinary or performance problems, then per §(9)(f) the employee must be reinstated pending resolution of their complaint.

## MEMORANDUM OF LAW

**A.  Legal Standard.**

The PWA was originally passed in 1986. Laws 1986, c. 86–233, §§ 1 to 80. The initial version of the Act included a right to "[r]einstatement of the employee to the same position held before the retaliatory action, or to an equivalent position" as well as "[r]einstatement of full fringe benefits and seniority rights." *Id*. At that point in time, however, if an employee–whistleblower moved for temporary reinstatement prior to trial, they had to do so by obtaining a temporary injunction per Rule 1.610. However, in 1992, the Florida Legislature amended the PWA to include the mandatory remedy of temporary reinstatement in §(9)(f), jettisoning Rule 1.610 to apply only under §(9)(e).

---

[1]     The legal standard for temporary reinstatement under §(9)(f) is noticeably different than what is required to ultimately prevail at trial and receive damages under §(9)(c). The Legislature not only intended for the relief of temporary reinstatement to be mandatory - it was intended to be immediate, as well.

[2]     The Legislature did, however, keep Rule 1.610's requirements for relief sought under §(9)(e).

Laws 1992, c. 92-316 § 12.

As the Legislative History regarding 1992 Amendment states at p. 2, if a public employee engages in protected activity and has no prior documentation of disciplinary or performance problems, then the employer is prohibited from terminating that individual per §(9)(f): the "employee is protected from the agency's adverse personnel action." *Id.* (emphasis added). This relief of temporary reinstatement is mandatory. *See* Laws 1992, c. 92-316 § 12 (replacing "may" with "must" to read "[i]n any action brought under this section the relief must include . . . temporary reinstatement"). In fact, the very purpose of temporary reinstatement under §(9)(f) "is to keep a whistle-blower on the job during the pendency of the lawsuit unless the statutory requirements for termination are met." *Marchetti v. School Bd. of Broward Co.*, 117 So. 811, 813 (Fla. 4th DCA 2013).

§(9)(f) explicitly provides for "[t]emporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint." This pre-trial relief is available to a plaintiff so long as: (1) the disclosure was not made in bad faith or for a wrongful purpose, or (2) the disclosure did not occur after an agency's initiation of a personnel action against the employee, which includes documentation of the employee's violation of a disciplinary standard or performance deficiency. Absent these two conditions, an employee who complains of being discharged in retaliation for a protected disclosure is entitled to pre-trial reinstatement as a matter of law.

The courts that have had occasion to delve into this issue all agree that in order to qualify for the remedy of temporary reinstatement under Florida's PWA, the Appellees must show only that "1) [p]rior to termination [they] made a disclosure protected by the statute; 2) [they were] discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not

occur after an agency's personnel action." *State of Florida Dep't of Transp. v. Florida Com'n on Human Relations*, 842 So.2d 253, 255 (1st DCA 2003) (*citing Lindamood v. Office of State Attorney, Ninth Judicial Circuit of Florida*, 731 So. 2d 829, 831 (5th DCA 1999)). "Any proceedings on the underlying whistle-blower's complaint will be separate and distinct from the reinstatement case and will be conducted in the manner provided by section 112.31895(3) and (4), Florida Statutes." *State, Dep't of Transp. v. Fla. Comm'n on Human Relations*, 842 So. 2d 253, 255 (Fla. 1st DCA 2003); *see also Competelli v. City of Belleair Bluffs*, 113 So. 3d 92, 94 (Fla. Dist. Ct. App. 2d Dist. 2013). Indeed, §112.3187(9), entitled "RELIEF," provides that the court "must" grant temporary reinstatement, *Lindamood* at 832, and thus when an employee meets the above elements, the "statute mandates temporary reinstatement." *Marchetti* at 813 (*quoting State, Dep't of Transp.* at 255)(emphasis added).[3]

It is plain that the PWA is a remedial statute. Remedial laws will be read to favor the remedy. *The Golf Channel v. Jenkins*, 752 So. 2d 561, 565-66 (Fla. 2000); *Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 424 (Fla. 1994); *Irven v. Dep't of Health and Rehab. Svcs.*, 790 So. 2d 403, 405–406 (Fla. 2001)(*quoting Martin County v. Edenfield*, 609 So. 2d 27, 29 (Fla. 1992)). The PWA should be liberally interpreted to accomplish its intended purpose. *Martin County v. Edenfield*, 609 So. 2d 27, 29 (Fla. 1992); *Hutchison v. Prudential Ins. Co. of America, Inc.*, 645 So. 2d 1047 (Fla. 3d DCA 1994).

The Legislature not only intended for the relief to be mandatory, it was intended to be immediate, as well. *See* Legislative History regarding 1992 Amendment at p. 7 (describing that

---

[3]     The statutory language of the PWA is not ambiguous and the plain meaning of the statute must prevail. *Metropolitan Dade County v. Milton*, 707 So. 2d 913 (Fla. 3d DCA 1998). In interpreting a statute, the Court looks first to "the plain meaning of the actual language" contained in the statutory text. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013). If that language is unambiguous, there is no need for further construction; the plain meaning of the statute controls. *See Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984).

whistleblower would "apply for an expedited order from the appropriate agency of circuit court

for the <u>immediate</u> reinstatement of the discharged employee pending the issuance of the final order

in the case")(emphasis added).

**1. Temporary Reinstatement is Required as Each Element is Met By the Plaintiffs.**

In this case, all of the statutory requirements of §(9)(f) are met. In sum, because both Plaintiffs

made disclosures of the type protected by the PWA, to an appropriate local official authorized to

investigate these kind of incidents, prior to their terminations, because they followed the

procedures outlined in §112.3187 by timely filing a civil action, and because their disclosures were

not made in bad faith or for a wrongful purpose, temporary reinstatement is mandated by §(9)(f).

**a. The Plaintiffs Engaged in Statutorily Protected Activity Under the PWA.**

To establish that they engaged in protected activity under the PWA, the Plaintiffs must show

that they disclosed (1) protected information (2) to a protected recipient (3) in a protected manner.

*See id*. § 112.3187(5)-(7).

First, the information the Plaintiffs disclosed must fall within one of two protected categories:

(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.

(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

*Id*. § 112.3187(5). The Defendant cannot reasonably dispute that the information the Plaintiffs

disclosed – during their participation in an official investigation – falls within the scope of

protected information under the PWA. Without much debate, the Plaintiffs both objected to and

disclosed information that concerned a "suspected violation of any federal, state, or local law, rule,

or regulation committed by an employee [his superiors] or agent of an agency or independent

contractor which creates and presents a substantial and specific danger to the public's health,

safety, or welfare." *See id*. Likewise, their disclosures within the definition of a suspected act of a

gross neglect of duty by the Defendant. Thus, the content of the Plaintiffs' disclosures fits squarely

within the protection of the PWA.

Second, the information must be disclosed to a person or entity falling within one of two

protected categories:

> [1] [A]ny agency or federal government entity having the authority to investigate,
> police, manage, or otherwise remedy the violation or act, including, but not limited
> to, the Office of the Chief Inspector General, an agency inspector general or the
> employee designated as agency inspector general under s. 112.3189(1) or
> inspectors general under s. 20.055, the Florida Commission on Human Relations,
> and the whistle-blower's hotline created under s. 112.3189 [or]

> [2] [F]or disclosures concerning a local governmental entity, including any
> regional, county, or municipal entity, special district, community college district,
> or school district or any political subdivision of any of the foregoing, the
> information must be disclosed to a chief executive officer as defined in s.
> 447.203(9) <u>or other appropriate local official</u>.

*Id*. § 112.3187(6) (emphasis added). Florida courts construe the term "other appropriate local

official" broadly to include a variety of governmental entities "empowered to investigate

complaints and make reports or recommend corrective action." *See Rustowicz v. N. Broward Hosp.*

*Dist.*, 174 So.3d 414, 423-25 (Fla. Dist. Ct. App. 2015) (reviewing other Florida decisions and

opinions issued by the Florida Attorney General). The state appellate court in *Rustowicz* concluded

that an internal audit department at a municipal hospital constituted an "appropriate local official"

within the meaning of the PWA. *Id*. at 416, 425.

Both Plaintiffs were asked to – and did – conduct an official investigation, like *Rustowicz*.

They also delivered their statutorily protected activity on their own initiatives to the Defendant's

chief executive at FMTC, who was vested with authority to investigate complaints and make reports. Accordingly, their disclosures were to a protected recipient under the PWA. The Plaintiffs' disclosures also fit within the second protected category as their supervisor is "an appropriate local official" because the supervisor undeniably is "empowered to investigate complaints and make reports or recommend corrective action." *See Rustowicz*, 174 So.3d 423-25.

Third, the Plaintiffs' disclosures must have been made in a protected manner. This can occur in one of two ways. The PWA provides that it protects, *inter alia*, employees (1) "who disclose information on their own initiative in a written and signed complaint" or (2) "who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity." Fla. Stat. § 112.3187(7). The Plaintiffs' fit squarely within both. Indeed, they specifically complained of the illegal conduct to the Defendant and did so in writing.

All three elements necessary to establish statutorily protected activity under the PWA are thus met, and the inquiry now turns to the timing of the adverse employment action the Defendant levied against them.

### b. The Defendant Took Adverse Employment Action Against Plaintiffs <u>After</u> They Engaged in Statutorily Protected Activity.

There is no question that the Defendant involuntarily separated both Plaintiffs from their employment. And the timing of the adverse employment action occurred <u>after</u> they engaged in statutorily protected activity under the PWA. Indeed, the timeline is unmistakable: both Plaintiffs engaged in statutorily protected activity on right up to November 1, 2019 and they were then placed on administrative leave before being non-renewed in March 2020. Thus, this element under §(9)(f) is easily met.

### c. The Plaintiffs' Disclosures Were Not Made in Bad Faith or For a Wrongful Purpose.

Finally, there is not a scintilla of evidence that either Plaintiff made their disclosures in bad faith or for any wrongful purpose. Indeed, their complaints bespeak a positive motive to bring about change and compliance with the law, which is hardly the kind of disclosure that smacks of bad faith or a wrongful purpose. This final element is easily met by the Plaintiffs.

### CONCLUSION

Temporary reinstatement is <u>required</u> under §(9)(f) of the PWA because the Plaintiffs satisfy the three basic elements necessary for that relief. First, they engaged in statutorily protected activity as defined by the PWA. Second, they suffered adverse employment action <u>after</u> they engaged in statutorily protected activity. And finally, there is no evidence that their disclosures were made in bad faith or that they were made for any wrongful purpose. Those three elements being met under §(9)(f), the Court must order the Defendant to temporarily reinstate both Plaintiffs.

WHEREFORE the Plaintiffs respectfully request the Court GRANT the instant Motion, order them reinstated under §(9)(f) of the PWA (retroactive to the date of termination), and award all other relief deemed just.

Respectfully submitted,

Dated: July 9, 2020

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

8

### L.R. 3.01(g) Statement

The Plaintiffs could not confer with the Defendant as to the relief sought in this Motion because the Defendant has not yet been served, and thus has not yet appeared in this matter. The Plaintiffs will serve a copy of this Motion together with the Summons and Complaint.

### CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I e-filed the foregoing document using the Portal, which caused delivery by Electronic Mail to all counsel of record.

> **s/ Benjamin H. Yormak**
> Benjamin H. Yormak