UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERI RUSS, an individual, and JUDITH JOHNSON,
an individual

      Plaintiffs,

v.                                            CASE NO.: 2:20-cv-00484-JLB-MRM

THE SCHOOL BOARD OF LEE COUNTY,
FLORIDA, a political subdivision of the State of
Florida,

      Defendant.

_____/

**DEFENDANT'S SURREPLY REGARDING PLAINTIFFS' MOTION FOR
REINSTATEMENT AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, THE SCHOOL BOARD OF LEE COUNTY, FLORIDA, by and through its

undersigned counsel, files this Surreply regarding Plaintiffs' Motion for Temporary Reinstatement

("Plaintiffs' Motion") (Doc. 7) and in support states as follows:[1]

      After being called to task by Defendant for filing an unsupported motion with little more

than vague and conclusory allegations to support their request for temporary reinstatement,

Plaintiffs attempted to correct the deficiencies though their Reply Brief by attaching a seven page

declaration with 27 pages of exhibits, signed only by Plaintiff Russ,[2] wherein Ms. Russ not only

"verifies" certain allegations from the Complaint, she makes new allegations and includes

---

[1] Defendant also relies on its Response to Plaintiffs' Motion for Temporary Reinstatement in
support of its position that Plaintiffs' Motion should be denied. (Doc. 18). The applicable legal
standard is detailed on pages 2-3 of the Response. (Doc. 18, Section A).

[2] Ms. Johnson has not submitted a declaration, affidavit, or other verification in support of her
request for temporary reinstatement.

documents that very clearly existed at the time Plaintiffs filed their Complaint and Motion. (Doc. 26-1). Despite Plaintiffs' effort, their Motion still fails.

## MEMORANDUM OF LAW

### A.      Legal Standard

The applicable legal standard is detailed on pages 2-3 of Defendant's Response. (Doc. 18, Section A). For purposes of Plaintiffs' Motion only, Defendant does not dispute that Plaintiffs can establish the second and third elements of their claim; however, Plaintiffs' Motion fails because they cannot establish that they made a disclosure protected by the PWA.

### B.      Plaintiffs Did Not Disclose Protected Information as Defined by the PWA

Despite trying to remedy the deficiencies in their original Motion through their Reply Brief and Ms. Russ's Declaration, both still suffer from the same fatal defects: vague, confusing, or conclusory allegations; or a lack of evidence altogether. Broward Cty. Sheriff's Office v. Hamby, 2020 Fla. App. LEXIS 10186, *5, 45 Fla. L. Weekly D 1696 (Fla. 4th DCA July 15, 2020) (quashing order of temporary reinstatement under PWA where order was based on vague, conclusory allegations and otherwise failed to make a sufficient evidentiary showing).

In their Motion and Reply Brief, Plaintiffs are quick to make conclusory statements indicating it is "undisputed" that their findings were regarding violations of federal law and involved gross mismanagement, malfeasance, etc.; yet when one strips back the conclusory statements to review the actual substance of the alleged protected activity, it is clear Plaintiffs did not make protected disclosures. Through the Declaration, Plaintiffs offer five examples of alleged "protected information," contained in Paragraphs 20, 22, 25, 26, and 29.

In Paragraph 20, Ms. Russ claims she issued written findings that were "highly critical of *prior* FMTC administration," but she fails to attach any written findings, instead choosing to

include a long list of supposed findings without any documentation or proof she actually shared these findings with the District. (Doc. 26-1, ¶21).   Even setting aside the fact there is no documentation, even if these allegations were true, they do not involve a suspected violation of law that creates a "substantial and specific danger to the public's health, safety, or welfare," nor do they show gross mismanagement, gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty.  As a result, this is not protected information.

In Paragraph 22, Ms. Russ claims she completed an audit and issued "one finding" for inaccurate student ledgers.  She claims she attended an exit meeting, but failed to disclose the substance of the discussion.  Clearly, nothing in this Paragraph states or even suggests the District (or any District employee) committed any violation of a law, rule, or regulation, much less one that created a substantial and specific danger to public health, safety, or welfare.  Likewise, nothing says or even suggests the District (or any District employee) committed gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty.

Paragraphs 25 and 26 do not fare better.  Ms. Russ makes vague allegations about the "Defendant," but gives no information regarding who she means.  She references a follow up email but fails to attach it, making it impossible to know whether the substance meets the definition of protected information.  Moreover, Mr. Everly denies Ms. Russ's claims.  (Doc. 33-1, ¶9).

As her final example of protected information, Ms. Russ cites a student ledger review detailed in an email she attached as Exhibit J-1.  While the email does involve the student ledger review, it does not state or even suggest the District (or any District employee) committed any violation of a law, rule, or regulation, much less one that created a substantial and specific danger to public health, safety, or welfare.  Likewise, nothing says or even suggests the District (or any

District employee) committed gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty.

All in all, while Plaintiffs make bold claims in their Motion and in the Declaration, Plaintiffs still must put forth evidence sufficient to show they disclosed protected information as required by Florida Statute §112.3187(5). Batz v City of Sebring, 794 Fed. Appx. 889, 902 (11th Cir. 2019) (finding that an email that did not make an explicit reference to misconduct is not protected under the PWA). Vague and conclusory allegations that fail to describe the information disclosed with particularity are insufficient to establish a protected disclosure under the PWA. Nazzal v. Fla. Dept. of Corr., 267 So.3d 1094, 1097 (Fla. 1st DCA 2019) (finding that a disclosure is not protected even when it claims a violation of law where the disclosure does not elaborate on how or by whom the law was violated). As a result, Plaintiffs cannot satisfy this element of their claim for temporary reinstatement, and their Motion should be denied.

**C.      Plaintiffs Did Not Disclose to a Protected Recipient Under the PWA**

While Defendant acknowledges Dr. Adkins, the District's Superintendent, would be the District's "chief executive officer," as defined in Florida Statute §112.3187(6), Plaintiffs did not make any disclosure to Dr. Adkins. Indeed, Plaintiffs allege only one disclosure to Dr. Adkins, where Ms. Russ claims Dr. Adkins requested an update on FMTC from Dr. Desamours and Dr. Desamours provided Dr. Adkins with Ms. Russ's "updated report." (Doc. 26-1, ¶21). In support, Ms. Russ attaches a June 14, 2019 email from Dr. Desamours to Dr. Adkins, copied to Ms. Russ and Mr. Everly, among others, that states "[a]s you requested," but nothing further—no email attachment, no "updated report"—nothing, other than the email. (Doc. 26-1, p. 20, Ex. E-1). That is because Dr. Desamours attached a memo on her own letterhead, which details the review of FMTC financial aid records to date—not a report from Ms. Russ. (Doc. 33-1, Ex. A). Therefore,

this memo simply cannot constitute a protected disclosure *by Plaintiffs* to the District's "chief executive officer."

That leaves only "an appropriate local official" as an option. An "appropriate local official" is "an official or official entity who is affiliated with the violating governmental entity and has the authority to investigate, police, manage, or otherwise remedy the violation or act by the violating governmental entity." Rustowicz v. North Broward Hosp. Dist., 174 So. 3d 414, 424 (Fla. Dist. Ct. App. 2015) (emphasis added). Plaintiffs do not allege they made any protected disclosures to the School Board itself, which is the only entity that has authority to remedy any violation of law regarding financial resources.[3] (Doc. 33-3, ¶4). Instead, Plaintiffs actually allege they themselves were an "appropriate local official" under the PWA, before stating, in a conclusory list, that the following individuals had the requisite authority: Brian Magnan, Bob Brown, Greg Blurton, Susan Malay, Todd Everly, and Ami Desamours. (Reply Brief, p. 5; Doc 26-1, ¶37). Clearly, Plaintiffs cannot make disclosures to themselves then claim whistleblower protection. Furthermore, Plaintiffs present no evidence to show any of those individuals have such authority,[4] and even if they did have such authority, the record is clear that Plaintiffs did not make any protected disclosure to those individuals.

---

[3] As noted by Judge Krier in the Moore v. Mason Classical Academy, Inc. case, which Plaintiffs attached to their Reply Brief, a school board is the "appropriate local official" to receive a complaint under the PWA because the school board is vested with the authority to take remedial action. (Doc. 26-2, ¶25).

[4] Mr. Everly confirmed his job does not involve conducting investigations or making investigatory reports. (Doc. 33-1, ¶4). Dr. Pruitt confirmed each of the other individuals report to others, not to the School Board. (Doc. 33-2, ¶4).

**D.      Plaintiffs Did Not Disclose in a Protected Manner Under the PWA**

Plaintiffs cannot show they made disclosures in a protected manner.  As examples of written and signed complaints, Plaintiffs' cite to the following examples from the Declaration: Paragraph 11, which alleges Ms. Johnson sent written communication to Mr. Magnan but fails to attach the alleged communication, and fails to describe any protected information;[5] Paragraph 12, which claims Ms. Johnson "made notification" that student accounts were incorrect, but fails to allege to whom, in what form, or how that notification constitutes protected information; Paragraph 14, which purports to be Ms. Russ's "first report" that was issued in March 2019, but the attachment referenced has no date, no transmission information, and contradicts itself,[6] Paragraph 16, which does not contain a complaint or protected information; Paragraph 20, which claims Ms. Russ issued "written findings" that were delivered to Mr. Brown and Ms. Johnson, but fails to attach any writing whatsoever; Paragraph 21, which claims to be Ms. Russ's report but fails to attach it, and which actually is a memo from Dr. Desamours, not Ms. Russ; Paragraph 22, which references audit reports but fails to attach them; Paragraph 23, which alleges Ms. Johnson provided a written update to Dr. Desamours but fails to attach such written update; Paragraph 24, which alleges Plaintiffs uncovered misappropriation and reported it in writing to Dr. Desamours, but fails to attach such writing, instead only attaching emails between Ms. Russ and Mr. Everly; Paragraph 26, which references an email but fails to attach it; Paragraph 27, which details Ms. Russ's belief about the root of conflict between Ms. Johnson and Mr. Everly, but which does not contain a complaint or protected information; and Paragraph 29, which does not contain a complaint or

---

[5] As used in this section, "protected information" means information that meets the definition under Florida Statute §112.3187(5) (a).
[6] Ms. Russ declared she wrote this "first report" in March 2019, but page B-6 mentions information Ms. Russ just learned on April 23, 2019.  (Doc. 26-1, Ex. B-6).

protected information.  Although Plaintiffs clearly make many allegations of written and signed complaints, when one looks closely, Plaintiffs failed to attach many of the alleged writings, and those that are attached were not "complaints" about "protected information."

Plaintiffs also argue they participated in an investigation as defined by the statute because they were assigned to conduct an audit into federal financial aid compliance, and that Ms. Russ was responsible for overseeing the audit and reporting to Defendant's upper management.  (Reply Brief, p. 4).  However, Ms. Russ did not oversee the audit, nor was she responsible for reporting directly to upper management.  Instead, Sarah Cox, a Coordinator, oversaw the audit and reported to Bob Brown, who reported to Dr. Desamours.  (Doc. 33-1, ¶6).

E.      Summary

When one sets aside the broad, often unsupported statements that leap to conclusions purporting to establish protected activity, it becomes clear that Plaintiffs' cannot meet their burden to establish entitlement to temporary reinstatement.  Ms. Johnson has not submitted any actual evidence—no declaration, no affidavit, no verification.  While Ms. Russ at least submitted a Declaration, it falls short of what is required to show the Plaintiffs made protected disclosures under the PWA.  Indeed, while the PWA must be liberally construed, Plaintiffs simply cannot convert their alleged protected activity into protected disclosures by making sweeping arguments seeming to indicate that public employees are protected for any complaints to any manager even without specific descriptions of the supposed unlawful activity, gross malfeasance, or other conduct protected by the PWA.  Smith v. City of Tallahassee & Robert E. McGarrah, 2018 U.S. Dist. LEXIS 217118 (N.D. Fla. Dec. 13, 2018).  See also Nazzal v. Fla. Dep't of Corr., 267 So. 3d 1094, 1097 (Fla. 1st DCA 2019) (holding that a conclusory statement alleging disparate treatment was insufficient to show a protected disclosure under the PWA because the complainant "did not

elaborate on how (or by whom) she was treated disparately or how any such disparate treatment was based on a protected characteristic such as her national origin); Caldwell v. Fla. Dep't of Elder Affairs, 121 So. 3d 1062, 1063 (Fla. 1st DCA 2013) (holding that a complainant failed to sufficiently allege she made a protected disclosure where she alleged only that she contacted a federal investigator "to alert him to the condition of the Ombudsman program and the gross misfeasance and malfeasance that were occurring within" and failed to "describe any act or suspected act of misfeasance or malfeasance"); Stanton v. Fla. Dep't of Health, 129 So. 3d 1083, 1084 (Fla. 1st DCA 2013) (affirming an agency's dismissal of a whistleblower complaint where complainant alleged, without specific facts, that he reported misuse of funds in writing).  Although these cases did not analyze the disclosures for purposes of temporary reinstatement, Plaintiffs acknowledge they are required to show they made protected disclosures to be entitled to reinstatement, so these cases are nonetheless relevant and instructive, and show Plaintiffs' unverified, vague, and conclusory allegations are insufficient to show they made protected disclosures.

## CONCLUSION

For these reasons, and the reasons described in Defendant's Response, Plaintiffs' Motion for Temporary Reinstatement should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th   day of December, 2020 I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:  Benjamin H. Yormak, Esq., Yormak Employment & Disability

Law, 9990 Coconut Road, Bonita Springs, FL 34135.

BOY AGNEW POTANOVIC, PLLC
Trial Attorneys for Defendant
4415 Metro Parkway, Suite 110
Fort Myers, Florida 33916
239.208.6515 (telephone)
239.208.6511 (facsimile)
Primary Email:  suzanne@bapfirm.com
Secondary Email: service@bapfirm.com

By: */s/ Suzanne M. Boy*
      Suzanne M. Boy
      Florida Bar No. 0035400