UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERI RUSS and JUDITH JOHNSON,
and individual,

        Plaintiffs,

v.                                                            Case No. 2:20-cv-484-JLB-MRM

THE SCHOOL BOARD OF LEE COUNTY,
FLORIDA,

        Defendant.
_____/

## ORDER

Plaintiffs Cheri Russ and Judith Johnson move for temporary reinstatement under Florida Statute § 112.3187(9)(f).  (Doc. 52.)  After an evidentiary hearing, the Magistrate Judge filed a well-reasoned Report and Recommendation (R&R) in this matter, recommending that the motion be granted.  (Doc. 52.)  A district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

The School Board of Lee County, Florida ("School Board") has filed numerous objections to the R&R.  (Doc. 54.)  They may be summarized as follows: (1) the Magistrate Judge did not need to conduct an evidentiary hearing and should have ruled on the papers (id. at 2–3); (2) the Magistrate Judge's standard for determining

which of Plaintiff's communications were specific enough to receive whistleblower protection under section 112.3187 was too lax (id. at 5–7); (3) the Magistrate Judge erred in holding that one of Ms. Russ's communications was protected (among two others that the School Board does not object to) because she could not identify a specific employee responsible for the misfeasance and because the wrongdoing that she blew the whistle on amounted to mere negligence (id. at 8); and (4) the Magistrate Judge erred by holding that any of Ms. Johnson's communications were protected because they lacked sufficient specificity, the wrongdoing alleged in her communications amounted to mere negligence, and because Ms. Russ, (as a co-Plaintiff) could not be a protected recipient of whistleblower communications under section 112.3187 (id. at 8–16.).

After de novo review of the School Board's objections, the Court determines that the School Board has failed to identify any factual or legal error in the R&R. The Court agrees with the Magistrate Judge's findings regarding the appropriate standard of specificity for whistleblower communications, the application of that standard to the facts of this case (which were developed at an evidentiary hearing that the Court deems appropriate), the severity of the wrongdoing that must be alleged in whistleblower communications, and Ms. Russ's status as a recipient of protected whistleblower information. See Irven v. Dep't of Health & Rehab. Servs., 790 So. 2d 403, 406 (Fla. 2001) (explaining that section 112.3187 should be construed liberally because it is remedial legislation); Rosa v. Dep't of Child. & Families, 915 So. 2d 210, 212 (Fla. 1st DCA 2005) ("[W]e construe "misfeasance" as

including negligent acts . . . ."); Burden v. City of Opa Locka, No. 11-22018-CIV, 2012 WL 4764592, at *13 (S.D. Fla. Oct. 7, 2012) (holding that one of the plaintiffs could be a person to who protected disclosures by other plaintiffs were made). Accordingly, the School District's objections are overruled.

Plaintiffs have also filed one objection on an issue that was not addressed in the R&R: whether their temporary reinstatement is retroactive to the date of their termination. (Doc. 53.) The School District responds that courts ordering temporary reinstatement do not typically specify whether it is retroactive. (Doc. 55 at 3.) The Court sees no reason why the parties cannot confer and agree on reasonable terms of temporary reinstatement pending the outcome of this litigation.

Accordingly, it is **ORDERED**:

1. The R&R (Doc. 52) is **ADOPTED**. Defendant's and Plaintiffs' objections to the R&R (Docs. 53–54), are **OVERRULED**. Plaintiffs' motion for temporary reinstatement (Doc. 7) is **GRANTED**.

2. No later than **April 5, 2021,** the parties shall confer to discuss the terms of Plaintiffs' temporary reinstatement. No later than **April 6, 2021,** the parties shall file a joint status report on the outcome of their discussions. **The parties are strongly encouraged to work together for an amicable resolution**.

*/s/ John L. Badalamenti*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**