UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **CHERI RUSS**, an individual, and **JUDITH JOHNSON**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida, <br><br> Defendant. | CIVIL ACTION <br><br> Case No.   2:20-cv-484 <br><br> Judge: John L. Badalamenti <br><br> Mag. Judge: Mac R. McCoy |

### PLAINTIFFS' MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES ON THEIR SUCCESSFUL MOTION FOR TEMPORARY REINSTATEMENT (Doc. 57)

NOW COME the Plaintiffs, by and through undersigned counsel, and respectfully file this Motion for Entitlement to Attorney's Fees on Their Successful Motion for Temporary Reinstatement, and in support, state as follows:

1. On March 22, 2021, the Court entered an Order (Doc. 57) adopting the Report and Recommendation (R&R) (Doc. 52), which recommended the Court grant the Plaintiff's Motion for Temporary Reinstatement. (Doc. 7).

2. Pursuant to Local Rule 7.01(a), "[a] party claiming post-judgment attorney's fees and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount." And pursuant to Local Rule 7.01(b), such a motion must be made within 14-days – thus this Motion is timely made.

1

3.  Because Florida's Public Whistleblower Act provides for attorney's fees and costs to successful plaintiffs – and specifically because motions for temporary reinstatement are a "case within a case" and "separate and distinct" from the underlying action – and because the Plaintiffs have prevailed, they are due to be awarded their reasonable attorney's fees associated with their successful Motion for Temporary Reinstatement.

## MEMORANDUM OF LAW

Under (9)(d) of the PWA, a losing defendant must pay reasonable costs, including attorney's fees, to a substantially prevailing employee. Here, Ms. Russ and Ms. Johnson are the prevailing employees as the Court has granted their Motion for Temporary Reinstatement over the vociferous objection of the Defendant following a full-day, full-blown evidentiary hearing that followed the Motion, a Response, a Reply, a Surreply and at least two separate Status Conferences. Because Ms. Russ and Ms. Johnson are the prevailing employees on their Motion that, as discussed below, was a "case within a case," an award of fees and costs is appropriate under §(9)(d), this Motion should be granted.

It is well-settled that, in regard to motions for temporary reinstatement, "[a]ny proceedings on the underlying whistle-blower's complaint will be separate and distinct from the reinstatement case and will be conducted in the manner provided by section 112.31895(3) and (4), Florida Statutes." *State, Dep't of Transp. v. Fla. Comm'n on Human Relations*, 842 So. 2d 253, 255 (Fla. 1st DCA 2003); *see also Competelli v. City of Belleair Bluffs*, 113 So. 3d 92, 94 (Fla. Dist. Ct. App. 2d Dist. 2013). Simply put, this means that where temporary reinstatement is sought under §(9)(f), there is to be a case within a case and thus an award of temporary reinstatement under §(9)(f) is "separate and distinct" from

the other proceedings within the PWA case. Nowhere in the PWA is there even any remote suggestion that the results of a trial bear any relationship to a pre-trial award of temporary reinstatement under §(9)(f). See *Lee Cty. v. Ward*, 197 So. 3d 48 (Fla. Dist. Ct. App. 2016).

The attorney's fees and costs sought herein are well within the ranges established by case law and are supported by the applicable factors. Plaintiffs' counsel prosecuted this matter on a wholly contingent basis, expending 96.0 hours in uncompensated time to date and accruing $835.10 in out-of-pocket expenses over this hard-fought Motion for Temporary Reinstatement. Counsel made these extraordinary investments of time and money knowing that there would be no remuneration absent a victory. And Plaintiffs' counsel's willingness to invest whatever time and money was necessary to prevail on Plaintiffs' Motion for Temporary Reinstatement was unquestionably a major factor in the Plaintiffs' ability to reach the outstanding result. Plaintiffs' counsel reasonably expended 96.0 hours on Plaintiffs' successful Motion for Temporary Reinstatement and this significant investment of time restricted work on other cases. As a Board Certified Expert in labor and employment law with more than a decade of experience, and who has an excellent reputation in the local legal community, he seeks an award at his appropriate hourly rate of $350.00 per hour. As can be confirmed by expert testimony, this is a reasonable hourly rate and the time expended was all necessary for the successful prosecution of the Plaintiffs' Motion for Temporary Reinstatement, which was completely successful and which involved novel and complex areas of labor and employment law.

Once the lodestar amount is determined, the trial court may add or subtract from that amount based upon a "contingency risk" factor and the "results obtained." *Id*. at 1151;

*Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 831 (Fla. 1990). "[I]n contingent fee cases, the lodestar figure calculated by the court is entitled to enhancement by an appropriate contingency risk multiplier in the range from 1.5 to 3." *Rowe* at 1151.

In determining whether a contingent fee multiplier is necessary, the trial court should consider:

> whether the relevant market requires a contingency fee multiplier to obtain competent counsel, whether the attorney was able to mitigate the risk of nonpayment in any way[,] and . . . whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Quanstrom*, 555 So. 2d at 834. "Evidence of these factors must be presented to justify the utilization of a multiplier." *Id.*; *see also Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403, 410 (Fla. 1999) (recognizing that courts may consider applying multiplier "if evidence in the record supports the need for one"). The contingent fee multiplier is not limited to rare and exceptional circumstances and that it should be considered whenever the requirements for its application are met. *Joyce v. Federated National Insurance Co.*, 228 So. 3d 1122, 1131-32 (Fla. 2017).

If granted entitlement, the Plaintiffs will submit that all factors support a contingent fee multiplier. First, there are very few labor and employment attorneys in Southwest Florida that represent employees, and less than a handful of them are Board Certified Experts in the field. Second, most of the attorneys would not have agreed to prosecute what can be difficult, complex and risky employment law cases on a strictly contingency basis. Third, there is no way for Plaintiffs' counsel to have mitigated against the risk of loss. Had the Plaintiffs lost, Plaintiffs' counsel would have been compensated nothing for the 96.0 hours

he expended. Fourth, prosecuting this matter on a contingency basis was required because no unemployed person could reasonably afford $33,600 in fees on just one motion alone. Fifth, the result obtained by Plaintiffs' counsel was an unqualified, complete success. This case is a textbook example of one in which a multiplier is warranted, and these factors support a multiplier of 2.0 being added. *Pazmino v. Gonzalez*, 273 So. 3d 1056, 1059 (Fla. Dist. Ct. App. 2019)(2.0 contingency risk multiplier appropriate analyzing similar factors).

The PWA also provides for the recovery of costs. Here, that consists of costs associated with having a court reporter present and the ordering of a transcript. These costs were necessary and reasonable, and they total $835.10.

## CONCLUSION

For all of the aforementioned reasons, the Plaintiffs respectfully request the Court enter an order granting the instant Motion and awarding all relief deemed just and equitable.

Respectfully submitted,

Dated: April 4, 2021          **s/ Benjamin H. Yormak**
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Trial Counsel for Plaintiffs
                              Yormak Employment & Disability Law
                              9990 Coconut Road
                              Bonita Springs, Florida 34135
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com

## Local Rule 3.01(g) Statement

On March 31, 2021, undersigned counsel conferred with counsel for the Defendants, who did not consent to the relief sought in this Motion.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

                **s/ Benjamin H. Yormak**
                Benjamin H. Yormak